# LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.

498 Atlantic Avenue
Brooklyn, New York 11217-1813

Telephone: (718) 852-8300         E-mail: vekenweke@aol.com         Facsimile: (718) 852-7361

December 14, 2009

**VIA ECF**

Hon. Viktor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

Re:     Felix Jean v. The City of New York, et. al
        Docket No. 09 CV 00801 (RJD)(VVP)

Dear Judge Pohorelsky:

We represent plaintiff, Felix Jean, in the above-referenced section 1983 action and write this letter to respectfully request an Order directing the office of the Queens County District Attorney ("DA") to provide the undersigned with the documents listed as privileged materials (including alleged grand jury materials) in the Log Pursuant to Local Rule 26.2, dated October 6, 2009 submitted by the DA's office pursuant to your Honor's directive of September 9, 2009. (a copy of said Log and Order embodying said directive are attached hereto as Exhibits "A" and "B" respectively),

The Log in question lists as privileged, certain documents which we believe, may contain information relevant to the subject matter of this action. Such documents include, Case status report forms, SCI (Superior Court Information) request forms, four pages of intra office-office memoranda, email and handwritten notes as well as grand jury materials.

With respect to the alleged grand jury materials, we understand that there was never a grand jury action in the criminal proceedings against plaintiff, as such, the DA's office is not entitled to withhold the documents in question from disclosure in so far as the documents were not presented to the grand jury. Even assuming arguendo, that there was a proper grand jury action in the criminal prosecution of plaintiff, your Honor can properly issue an Order directing disclosure of such grand jury material. See United States of America v. Quattrone, 2003 WL 22253325 (SDNY 2003); Ruther v. Boyle, 879 FSupp 247 (EDNY 1995).

Mr. Fabian has already furnished the undersigned with records containing alleged "medical evidence" which evidence, suggests that the alleged rape victim underwent a medical examination in connection with the criminal proceedings against. Plaintiff contends that information concerning the date and place of such examination, the identity of the individual(s) who performed the examination and the result of the examination is relevant and discoverable in this case.

With respect to the documents described as attorney work product in the Log, except for the unsupported conclusion that such documents were not provided because they are privileged materials, there is nothing in the Log suggesting that the documents in question are in fact attorney work privilege. The author(s), date and/or recipient(s) of the documents are not disclosed in the Log.

Given the foregoing, plaintiff respectfully requests an Order directing the office of the Queens County District Attorney to provide the undersigned with the documents being withheld as privileged.

Respectfully submitted,

LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.

Vincent I. Eke-Nweke

Encl.

cc: Shawn D. Fabian, Esq., (by ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FELIX JEAN,

                Plaintiff,

-v-

CITY OF NEW YORK, et al.,

                Defendants.
----------------------------------------------------------x

CV-09-801 (RJD) (VVP)

LOG PURSUANT TO
LOCAL RULE 26.2

Pursuant to an Order of the District Court, Eastern District of New York, dated September 9, 2009, copies of seventy pages of documents from the file of the Queens County District Attorney's Office in the case of *People v. Filex Jean*, Docket Number 2007QN062674, have been provided to Assistant Corporation Counsel Shawn Fabian. The following items, which are privileged materials, were not provided:

1. Attorney work product, including twenty-nine pages of case status report forms, two pages of SCI request forms, four pages of intra-office memoranda, one page of intra-office e-mail, and one page of handwritten notes. All of these documents were prepared by Assistant District Attorneys and constitute communications between Assistant District Attorneys, relating information, case evaluation, and opinions. Attorney work product is privileged pursuant to section 240.10 (2) of the New York Criminal Procedure Law, Rule 3101(c) of the New York Civil Procedure Law and Rules, and Rule 26(c)(3) of the Federal Rules of Civil Procedure.

2. Grand jury material, including seven grand jury subpoenas, one page of handwritten notes, thirteen pages of medical records, and two pages of certification of medical records. Grand jury documents are privileged pursuant to section 190.25 of New York Criminal Procedure Law, section 215.70 of New York Penal Law, and Rule 6(e)(2) of the Federal Rules of Criminal Procedure. In addition to their status as grand jury materials, the medical records are confidential and protected from disclosure by section 4504(a) of the New York Civil Procedure Law and Rules.

Respectfully Submitted,

*/s/ Karen W. Weiss*

Karen Wigle Weiss
Assistant District Attorney
Queens County District Attorney's Office

Dated: Kew Gardens, New York
       October 6, 2009

EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FELIX JEAN,

                Plaintiff,                **ORDER**

    - v -

                                         CV-09-801(RJD)(VVP)

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------x

        Having determined that the following materials are essential to the orderly progression of discovery and other proceedings in this action, the court orders as follows:

        1.    On or before October 9, 2010, the office of the District Attorney for Queens County shall produce to Assistant Corporation Counsel Shawn Fabian of the Office of the Corporation Counsel for the City of New York all documents and files in its possession relating to the prosecution of the plaintiff Felix Jean. Any documents withheld on the basis of any privilege shall be listed on a log that complies with Local Civil Rule 26.2;

        2.    On or before October 9, 2010, the Office of the Administration for Children's Services for the City of New York shall produce to Assistant Corporation Counsel Shawn Fabian of the Office of the Corporation Counsel for the City of New York all documents and files relating to Landalina Antoine. All such files shall be produced to the court for *in camera* review before further dissemination to anyone.

        Assistant Corporation Counsel Shawn Fabian is hereby directed to transmit copies of this order to the above agencies forthwith.

                                          SO ORDERED:

                                          */s/ Viktor V. Pohorelsky*

                                          VIKTOR V. POHORELSKY
                                          United States Magistrate Judge

Dated: Brooklyn, New York
          September 9, 2009

EXHIBIT "B"