UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FELIX JEAN,

                Plaintiff,        **MEMORANDUM ORDER**

   - v -

                                       CV-09-801(RJD)(VVP)

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------x

The plaintiff in this civil rights action, in which he asserts claims for false arrest and malicious prosecution, has moved to compel the Queens County District Attorney (the "DA" or the "respondent") to produce documents withheld on the ground that they are privileged. The documents were identified on a log which described the documents and asserted work product protection for some of the documents and the statutory protection accorded to grand jury materials for the remainder. In addition, the log asserted that among the grand jury materials were medical records, apparently of the putative victim of crimes for which the plaintiff was arrested, which enjoy protection under section 4504(a) of the New York Civil Practice Law and Rules. The court addresses each category of protections in turn.

*Work Product*

As to the materials withheld as work product, the plaintiff asserts first that "there is nothing in the Log suggesting that the documents in question are in fact attorney work privilege [sic]." Pl. Letter, Dec. 14, 2009, p. 2. That argument is rejected. The log clearly describes precisely what the documents are, and further states that they were all prepared by Assistant District Attorneys and were communications between Assistant District Attorneys concerning

-1-

the prosecution of the plaintiff. That is more than sufficient to establish that the documents are the work product of attorneys.

Whether they are entitled to protection, however, is a somewhat more complex question.

The court applies federal law to determine the applicability of the work product doctrine in all actions in federal court. *See, e.g., Calabro v. Stone*, 225 F.R.D. 96, 98-99 (E.D.N.Y. 2004) (*quoting Weber v. Paduano*, No. 02 Civ. 3392(GEL), 2003 WL 161340, at *3 (S.D.N.Y. Jan. 22, 2003). The doctrine is embodied, in part, in Rule 26(b)(3) of the Federal Rules of Civil Procedure which gives qualified protection to "documents . . . prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative." That rule has no application here, however, because by its express terms it affords protection only to documents prepared "by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). As the DA is not a party, Rule 26(b)(3) simply does not apply. *See, e.g., Abdell v. City of New York*, No. 05 Civ. 8453, 2006 WL 2664313, at *2 (S.D.N.Y. Sept. 14, 2006)(*citing California Public Utilities Commission v. Westinghouse Electric Corp.*, 892 F.2d 778, 781 (9th Cir. 1989); *Ramsey v. NYP Holdings, Inc.*, No. 00 Civ. 3478, 2002 WL 1402055, at *6 (S.D.N.Y. June 27, 2002)(collecting cases); *see also Federal Trade Commission v. Grolier Inc.*, 462 U.S. 19, 25 (1983)(*citing* 8 Wright & Miller, Federal Practice and Procedure § 2024 at 201 (1970)). Indeed, relying on the fact that prosecutors whose files were subpoenaed were not parties in civil actions related to a prior criminal investigation, a substantial number of courts have held that Rule 26(b)(3) provides no protection whatsoever for a prosecutor's files. *See Abdell*, 2006 WL 2664313, at *3 (collecting cases).

Nevertheless, several courts have extended work-product protection to non-parties when that vindicated the purposes underlying the doctrine. *See, e.g., Allied Irish Banks, P.L.C. v. Bank of America, N.A.*, 252 F.R.D. 163, 175 (S.D.N.Y. 2008); *In re Student Finance Corp.*, No. 06-MC-69, 2006 WL 3484387, at *10 (E.D. Pa. Nov. 29, 2006); *Federal Election Comm'n v. Christian Coalition*, 179 F.R.D. 22, 24 (D.D.C. 1998); *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 772 (M.D. Pa. 1985). The purposes underlying the doctrine, gleaned from *Hickman v. Taylor*, 329 U.S. 495 (1947), include protecting an attorney's ability to formulate legal theories and prepare cases, preventing opponents from "free-loading" off their adversaries' work, and preventing interference with ongoing litigation. *E.g., In re Student Finance Corp.*, 2006 WL 3484387, at *12; *Allied Irish Banks*, 252 F.R.D. at 175; *Abdell*, 2006 WL 2664313 at *4; *see also, Haus v. City of New York*, No. 03 Civ. 4915, 2006 WL 3375395, at*3 (S.D.N.Y. Nov. 17, 2006). In some instances it was also significant that the non-party was at least potentially a party or had interests that were likely to be affected by the litigation in which the work product was sought. *E.g., In re Student Finance Corp.*, 2006 WL 3484387 (work product sought from non-party creditor in adversary proceeding instituted by bankruptcy trustee); *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. at 772 (work product sought from insurer of non-party that had potential liability for plaintiff's injury).

Of course, even where work product protection applies, the protection is not absolute. Disclosure of work product may be ordered if the party seeking it can demonstrate substantial need for the information and an inability to obtain the information, or a substantial equivalent of it, by other means without undue hardship. *See, e.g., In re Grand Jury Proceedings*, 219 F.3d 175, 190-91 (2d Cir. 2000); *Abdell*, 2006 WL 2664313 at *6-7; Fed. R. Civ. P. 26(b)(3)(A)(ii).

When evaluating whether to order disclosure of work product, the courts have consistently made a distinction between primarily factual work product and so-called "core" work product, which includes the "mental impressions, conclusions, opinions, or legal theories of an attorney." *See, e.g., Abdell*, 2006 WL 2664313 at *6. Although the former is subject to disclosure once the required showings are made, the latter is entitled to more stringent protection, protection described by some courts as "absolute" or "near absolute." *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983-84 (4th Cir. 1992) (absolute); *In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 663 (3rd Cir. 2003) (near absolute) (*citing In re Ford Motor Co.*, 110 F.3d 954, 962 n. 7 (3d Cir. 1997)). Thus, in this Circuit, "at a minimum such material is to be protected unless a highly persuasive showing [of need] is made." *In re Grand Jury Proceedings*, 219 F.3d at 190-91 (*quoting United States v. Adlman*, 134 F.3d 1194, 1204 (2d Cir. 1998)). The high degree of protection accorded to "core" work product is such that not only parties, but also non-parties have been able to protect it even where work product protection was otherwise denied. *See, e.g., Abdell*, 2006 WL 2664313 at *4-6 (DANY permitted to redact handwritten notations reflecting opinions of ADAs from documents for which protection was denied); *Federal Election Comm'n v. Christian Coalition*, 178 F.R.D. 61, 87 (E.D. Va. 1998) (non-party required to produce "non-opinion" work product, but not "opinion" work product).

Notwithstanding that the respondent is not a party here, the DA has a continuing interest in the matters in dispute here that provides a sufficient basis for protecting their work product. In view of the fact that the statute of limitations has not expired on the charges for which the plaintiff was arrested, there is at least the possibility of further litigation between the

DA and the plaintiff, and protection of their work product therefore serves the interests that underlie the work product doctrine. Thus, the plaintiff must make a showing of substantial need for the information and an inability to obtain its substantial equivalent some other way. As no such showing has been attempted here, the defendant's assertion of work product is upheld.[1]

*Grand Jury Materials*

New York statutorily mandates secrecy for grand jury proceedings and prohibits disclosure of "the nature or substance of any grand jury testimony, evidence, or any decision result or other matter attending a grand jury proceeding." N.Y. Crim. Proc. Law § 190.25(4)(a). Indeed, unauthorized disclosure of such information is a felony offense. N.Y. Penal Law § 215.70. Although this court is not bound by state law protecting the secrecy of state grand jury proceedings, "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Lora v. Board of Ed. of City of New York*, 74 F.R.D. 565, 576 (E.D.N.Y. 1977) (Weinstein, J.). Thus, in evaluating applications to for access to state grand jury materials, federal courts have required the same demonstration of "particularized need" required for the unsealing of federal grand jury materials. *See, e.g., Palmer v. Estate of Stuart*, Dkt. No. 02 Civ. 4076, 2004 WL 2429806, at *2 -3 (S.D.N.Y. Nov. 1, 2004); *Waterman v. City of New York*, Dkt. No. 96 Civ. 1471, 1998 WL 23219, at *1 -2 (S.D.N.Y. Jan. 13, 1998) *Scheiner v. Wallace*, Dkt. No. 93 Civ. 0062, 1995 WL 753931, at *5 (S.D.N.Y. Dec. 19, 1995).

---

[1] Although the court has no occasion at this point to consider the matter since the plaintiff has not made the showings necessary for the court to undertake further review, it appears that a substantial portion of the materials identified as work product by the Queens County District Attorney falls squarely in the category of "core" work product.

To demonstrate particularized need the movant must show "that (a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed." *Scheiner v. Wallace*, 1995 WL 753931, at *5 (quoting *Cullen v. Margiotta*, 811 F.2d 698, 715 (2d Cir.), *cert. denied*, 483 U.S. 1021 (1987). The showing required is substantial. "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205, 233 (2nd Cir.), *cert. denied sub nom.*, *Cruz v. United States*, 498 U.S. 906 (1990).

Although no grand jury proceeding was ultimately conducted in this action, the materials for which protection is sought comfortably fall within the statutory category of "matter[s] attending a grand jury proceeding." N.Y. Crim. Proc. Law § 190.25(4)(a). The documents identified on the log consist of seven pages of subpoenas, a page of notes written by an Assistant District Attorney, thirteen pages of medical records, and two pages of certifications of medical records. The subpoenas were prepared to obtain evidence to present to the grand jury, the medical records were obtained pursuant to the subpoenas, and the notes were prepared for the anticipated presentation to the grand jury.[2] See Aff't of Karen Wigle Weiss, ¶¶ 9-10.

The plaintiff has made no attempt to show a particularized need for the grand jury materials above. It is doubtful that such a showing could be made for the subpoenas, since the most that they could provide is an identification of witnesses and documentary evidence that might be relevant to this case, matters which the plaintiff's counsel should be fully competent to

---

[2]The notes were also identified on the log as privileged word product and, as discussed earlier, enjoy that protection separate from any protection afforded to grand jury materials.

analyze and determine without the DA's assistance.  Similarly, the handwritten notes of the Assistant District Attorney are primarily likely to reveal that attorney's thoughts about the evidence, something that the plaintiff's counsel should be able to do.  Although the medical records are qualitatively different, the plaintiff has not articulated why they are needed for his case and why they are not otherwise available.  Moreover, they are separately protected from disclosure by section 4504(a) of the New York Civil Practice Law and Rules.  Accordingly, the court has no basis to override the protections afforded by statute to the grand jury materials designated by the respondent.

For the foregoing reasons, the plaintiff's motion to compel production of documents identified on the DA's privilege log is DENIED.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       January 12, 2010