UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FELIX JEAN,

                      Plaintiff,                  **MEMORANDUM ORDER**

    - v -

                                              CV-09-801(RJD)(VVP)

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------------------------------x

        Having reviewed the submissions of the parties concerning the production of documents from the files of the New York City Administration for Children's Services ("ACS"), the court finds that, with three exceptions, the redactions to those documents proposed by the defendants are appropriate. The redacted material is irrelevant to the issues here, and contains sensitive and confidential information that should not be disclosed without good reason.

        As for the exceptions noted above, there are three statements in the files reflecting the conclusions of employees of ACS concerning the complainant L.A.'s demeanor and mental acuity based on their personal observations of her. Although there is nothing to indicate that these employees shared those conclusions with the defendant officers here (it appears unlikely that they did), the officers of course also observed the complainant when they interviewed her. The fact that ACS personnel held those views about the complainant's demeanor and mental acuity could lead to admissible evidence concerning the extent of the reliance the officers placed on the statements the complainant gave to them. Thus, in addition to the redacted records supplied to the court by the defendants, the following excerpts from the unredacted records shall also disclosed:

    1.    On page NYC 13, the information in paragraph 10 (near the bottom of the page at the end of the Progress Note Narrative that begins on the previous page);
    2.    On page NYC 16, the last two sentences on the page;
    3.    On page NYC 62, the first two sentences of the fourth paragraph (which begins with the words "Landa is dark skin").[1]

---

[1]The court notes that this excerpt comes from contacts by ACS with the complainant and her mother some eight to nine months before the events in question here, and thus conflicts with the ACS

-1-

In addition, for each of the above items, appropriate header information concerning the progress notes should also be supplied, including the Event Date, Entry Date, Author, Method, and the names of the participants.

The plaintiff also contends that he is unable to locate either the complainant or her mother, both of whom are witnesses to events and discussions relevant to the issues here, and thus seeks any contact information in the possession of the defendants. Unless opposition to the production of that information is submitted within seven days, the defendants are to provide whatever contact information they may have. Any such information is to be maintained in strict confidence by counsel for the plaintiff, and is not to be disclosed to anyone, including the plaintiff. The plaintiff's counsel may only disclose the information to a licensed private investigator who endorses a copy of this order with their signature under their handwritten statement that they agree, under penalty of criminal contempt, to be bound by this confidentiality order. The name of any investigator to whom disclosure is to be made shall be supplied to the defendant's counsel before any disclosure occurs.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
February 9, 2010

---

statement at page NYC that the family had no prior ACS involvement.